Brandon R. McKelvey (SBN 217002)
Email: brandon@medinamckelvey.com
Rabindra M. David (SBN 274504)
Email: rabi@medinamckelvey.com
MEDINA McKELVEY LLP
925 Highland Pointe Drive, Suite 300
Roseville, California 95678
Telephone: (916) 960-2211
Facsimile:  (916) 742-5488

*Attorneys for Defendant*
AMERICAN PACIFIC MORTGAGE
CORPORATION D/B/A PREFERRED RATE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ARMAN AVEDYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>AMERICAN PACIFIC MORTGAGE CORPORATION D/B/A PREFERRED RATE, a California corporation,<br><br>Defendant. | **CASE NO.: 2:21-cv-00089-JAM-CKD**<br><br>**DEFENDANT AMERICAN PACIFIC MORTGAGE CORPORATION D/B/A PREFERRED RATE'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**<br><br>Action Filed:      January 18, 2021 |



Subject to its affirmative defenses set forth below, and without waiver of any rights, privileges, or defenses, Defendant AMERICAN PACIFIC MORTGAGE CORPORATION D/B/A PREFERRED RATE ("APM" or "Defendant") hereby responds to the correspondingly numbered paragraphs of Plaintiff Arman Avedyan's ("Plaintiff") Complaint (the "Complaint") as follows.

Each numbered response in this Answer is made subject to the following limitations as if fully set forth therein:

First, any responses in this Answer do not constitute acknowledgement or admission of the validity or relevance of any allegation.

Second, where Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of a certain allegation, Defendant reserves the right to argue that the allegation is true or false based on evidence.

For convenience, Defendant uses in this Answer the section headings contained in the Complaint. However, Defendant makes no admission to any of the allegations contained in those headings.

**ANSWER**

Except to the extent expressly admitted in this Answer, Defendant denies each and every allegation in the Complaint. The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Complaint.

**CLASS ACTION COMPLAINT**

1. Responding to Paragraph 1 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant admits that Plaintiff brings a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA"). Defendant denies that it violated the TCPA, denies that Plaintiff and the putative class suffered any injury and denies that Plaintiff is entitled to secure any redress for violations of the TCPA.

**NATURE OF THE ACTION**

2. Responding to Paragraph 2 of the Complaint, to the extent that paragraph contains legal conclusions, a response is not required.



3.     Responding to Paragraph 3 of the Complaint, to the extent that paragraph contains legal conclusions, a response is not required.  Defendant, however, admits that it is a mortgage lender in the United States offering home loans and other related services.  Defendant denies the remaining allegations in this paragraph.

4.     Responding to Paragraph 4 of the Complaint, Defendant denies the allegations in this paragraph.

**JURISDICTION AND VENUE**

5.     Responding to Paragraph 5 of the Complaint, Defendant admits that this Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims.

6.     Responding to Paragraph 6 of the Complaint, Defendant admits that this Court has personal jurisdiction over Defendant.  Defendant, however, denies that venue is convenient for the parties and witnesses because Plaintiff resides in Florida and all events or omissions which give rise to Plaintiff's claim occurred in Florida.  Defendant also denies that any unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.  Defendant denies that this Court has personal jurisdiction over Defendant with respect to Plaintiff and putative class members who are not residents of California, or who may have received calls or texts from Defendant outside of California.

**PARTIES**

7.     Responding to Paragraph 7 of the Complaint, Defendant admits that Plaintiff is a natural person and, on information and belief, that he resides in Palm Beach County, Florida.

8.     Responding to Paragraph 8 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required.  Defendant, however, admits that it is a California corporation whose principal office is located at 3000 Lava Ridge Court, Suite 200, Roseville, California 95661.  Defendant also admits that it directs, markets, and provides its business activities throughout the United States, including throughout the state of California; however, Defendant denies that it engaged in any business activities in California which give rise to Plaintiff's claim.

///

9.  Responding to Paragraph 9 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required.

**THE TCPA**

10. Responding to Paragraph 10 of the Complaint, Defendant admits that Plaintiff accurately references the TCPA, 47 U.S.C. § 227(b)(1)(A). Defendant denies any liability under the TCPA.

11. Responding to Paragraph 11 of the Complaint, Defendant admits that Plaintiff accurately quotes the TCPA, 47 U.S.C. § 227(a)(1). Defendant denies any liability under the TCPA.

12. Responding to Paragraph 12 of the Complaint, Defendant denies the allegations in this paragraph.

13. Responding to Paragraph 13 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant denies any liability under the TCPA and denies that the FCC guidance cited in this paragraph is accurate or binding.

14. Responding to Paragraph 14 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant denies any liability under the TCPA and denies that the FCC guidance cited in this paragraph is binding.

15. Responding to Paragraph 15 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant denies any liability under the TCPA and denies that the FCC guidance cited in this paragraph is binding.

16. Responding to Paragraph 16 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant, however, admits that Plaintiff accurately quotes 47 C.F.R. § 64.1200(f)(13), mistakenly cited in the Complaint as 47 C.F.R. § 64.1200(f)(12). Defendant denies any liability under the TCPA and denies that the text message sent to Plaintiff constitutes telemarketing.

17. Responding to Paragraph 17 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant denies any liability under the TCPA and denies that the text message sent to Plaintiff constitutes telemarketing.



18. Responding to Paragraph 18 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant denies any liability under the TCPA and denies that the text message sent to Plaintiff constitutes telemarketing.

19. Responding to Paragraph 19 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant denies any liability under the TCPA and denies that the text message sent to Plaintiff constitutes telemarketing.

20. Responding to Paragraph 20 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant denies any liability under the TCPA and denies that the text message sent to Plaintiff constitutes telemarketing.

21. Responding to Paragraph 21 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant denies any liability under the TCPA.

22. Responding to Paragraph 22 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant denies any liability under the TCPA.

23. Responding to Paragraph 23 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant denies any liability under the TCPA and denies that the text message sent to Plaintiff constitutes telemarketing.

## FACTUAL ALLEGATIONS

24. Responding to Paragraph 24 of the Complaint, Defendant admits only that a text message was sent to the 0754 number from one of Defendant's recently acquired branches in Florida, with Plaintiff's consent, on or about July 31, 2020. Defendant denies the remaining allegations of this paragraph.

25. Responding to Paragraph 25 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. Responding to Paragraph 26 of the Complaint, Defendant denies the allegations of this paragraph.

///

27. Responding to Paragraph 27 of the Complaint, Defendant denies the allegations of this paragraph.

28. Responding to Paragraph 28 of the Complaint, Defendant denies the allegations of this paragraph.

29. Responding to Paragraph 29 of the Complaint, Defendant denies all allegations in this paragraph.

30. Responding to Paragraph 30 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

31. Responding to Paragraph 31 of the Complaint, to the extent that paragraph contains legal conclusions, a response is not required.  To the extent a response is necessary, Defendant denies all allegations of Paragraph 31.

32. Responding to Paragraph 32 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33. Responding to Paragraph 33 of the Complaint, to the extent that paragraph contains legal conclusions, a response is not required.  To the extent a response is necessary, however, Defendant denies all allegations of Paragraph 33.

34. Responding to Paragraph 34 of the Complaint, to the extent that paragraph contains legal conclusions, a response is not required.  However, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35. Responding to Paragraph 35 of the Complaint, Defendant denies all allegations.

36. Responding to Paragraph 36 of the Complaint, Defendant denies all allegations.

37. Responding to Paragraph 37 of the Complaint, Defendant denies all allegations.

38. Responding to Paragraph 38 of the Complaint, Defendant denies all allegations.

39. Responding to Paragraph 39 of the Complaint, Defendant denies all allegations.

40. Responding to Paragraph 40 of the Complaint, Defendant denies all allegations.

41. Responding to Paragraph 41 of the Complaint, Defendant denies all allegations.

42. Responding to Paragraph 42 of the Complaint, Defendant denies all allegations.



43. Responding to Paragraph 43 of the Complaint, Defendant denies all allegations in this paragraph and any allegations in subsections a, b, c, and d of this paragraph.

44. Responding to Paragraph 44 of the Complaint, Defendant denies all allegations.

45. Responding to Paragraph 45 of the Complaint, Defendant denies all allegations.

46. Responding to Paragraph 46 of the Complaint, Defendant denies all allegations.

47. Responding to Paragraph 47 of the Complaint, Defendant denies all allegations.

48. Responding to Paragraph 48 of the Complaint, Defendant denies all allegations.

49. Responding to Paragraph 49 of the Complaint, Defendant denies all allegations.

50. Responding to Paragraph 50 of the Complaint, Defendant denies all allegations.

## CLASS ALLEGATIONS

**Proposed Class**

51. Responding to Paragraph 51 of the Complaint, Defendant admits that Plaintiff attempts to bring this class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated. Defendant denies that class treatment is appropriate.

52. Responding to Paragraph 52 of the Complaint, Defendant admits that Plaintiff attempts to bring this case on behalf of the class described in Paragraph 52. Defendant denies that class treatment is appropriate and denies that Plaintiff's proposed class is appropriate for class certification.

53. Responding to Paragraph 53 of the Complaint, Defendant admits that Defendant and its employees or agents are excluded from the Class. Defendant denies the allegations in the second sentence of this paragraph.

**Numerosity**

54. Responding to Paragraph 54 of the Complaint, Defendant denies all allegations.

55. Responding to Paragraph 55 of the Complaint, Defendant admits that the exact number and identities of the members of Plaintiff's proposed class are unknown. Defendant denies the remaining allegations of this paragraph and denies that the identities of class members are ascertainable.

///

**Common Questions of Law and Fact**

56. Responding to Paragraph 56 of the Complaint, Defendant denies all allegations, including those set forth in subsections a, b, c, d, and e of this paragraph.

57. Responding to Paragraph 57 of the Complaint, Defendant denies all allegations.

**Typicality**

58. Responding to Paragraph 58 of the Complaint, Defendant denies all allegations.

**Protecting the Interests of the Class Members**

59. Responding to Paragraph 59 of the Complaint, Defendant denies all allegations.

**Proceeding via Class Action is Superior and Advisable**

60. Responding to Paragraph 60 of the Complaint, Defendant denies all allegations.

61. Responding to Paragraph 61 of the Complaint, Defendant denies all allegations.

**COUNT I**

**<u>Violations of the TCPA, 47 U.S.C. § 227(b)</u>**

**(On Behalf of Plaintiff and the Class)**

62. Defendant incorporates by reference its response to each and every other paragraph as set forth herein.

63. Responding to Paragraph 63 of the Complaint, to the extent that the paragraph contains legal conclusions, a response is not required. Defendant admits that Plaintiff accurately quotes the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). Defendant denies any liability under the TCPA.

64. Responding to Paragraph 64 of the Complaint, Defendant denies the allegations of this paragraph.

65. Responding to Paragraph 65 of the Complaint, Defendant denies the allegations of this paragraph.

66. Responding to Paragraph 66 of the Complaint, Defendant denies the allegations of this paragraph.

67. Responding to Paragraph 67 of the Complaint, Defendant denies the allegations of this paragraph.

///



68. Responding to Paragraph 68 of the Complaint, Defendant denies the allegations of this paragraph.

## COUNT II

## Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)

## (On Behalf of Plaintiff and the Class)

69. Defendant incorporates by reference its response to each and every other paragraph as set forth herein.

70. Responding to Paragraph 70 of the Complaint, Defendant denies the allegations of this paragraph.

71. Responding to Paragraph 71 of the Complaint, Defendant denies the allegations of this paragraph.

72. Responding to Paragraph 72 of the Complaint, Defendant denies the allegations of this paragraph.

73. Responding to Paragraph 73 of the Complaint, Defendant denies the allegations of this paragraph.

## PRAYER FOR RELIEF

Responding to the Prayer for Relief, Defendant denies each and every allegation therein and further and specifically denies that Plaintiff and the putative class are entitled to any relief described or to any remedy whatsoever against Defendant.  All allegations of the Complaint not previously admitted or denied are here and now denied as though specifically denied herein.

## DEMAND FOR JURY TRIAL

Defendant denies that Plaintiff is entitled to a jury trial on all causes of action and claims alleged in the Complaint.

## DOCUMENT PRESERVATION DEMAND

Defendant admits that it will take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or

///



1  companies contracted, hired, or directed by Defendant to assist in sending the alleged
2  communications.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses with respect to each cause of action contained within the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Prior Express Consent)

This lawsuit is barred, in whole or in part, by the fact that Defendant had prior express consent and/or prior express written consent to contact Plaintiff on the 0754 Number.  Specifically, on July 10, 2020, Plaintiff requested that Defendant contact him about mortgage rates by completing a form on hatemymortgagerate.com, a website operated by third-party Lad Leads, LLC, which requested Plaintiff's name, email, phone, address, cash out requested, current mortgage type, mortgage balance, home value, and credit score.  *See* https://www.hatemymortgagerate.com, last visited on March 10, 2021.  Plaintiff then submitted the form by clicking the "Contact Our Agents Now!" button immediately below, which the website states:

> By clicking 'Contact our Agents Now!' you agree to the Terms of Service and Privacy Policy and to share your information with our lenders and other marketing partners, and for them to contact you at the phone number and email provided above (including through automated means; e.g. autodialing, text and pre-recorded messaging) via telephone, mobile device (including SMS and MMS) and/or email even if your telephone number is currently listed on any state, federal or corporate Do No Call list.

*Id*.  Both the "Terms of Service" and "Privacy Policy" are hyperlinked.  The Terms of Service provides, in relevant part, that:

> By using this Web site, you agree to the following Terms of Use and you agree to be matched with our premiere partners and for them to contact you even if your telephone number is on a corporate, state, or the National Do Not Call Registry.  User also opts out of any class action lawsuit.  If you do not agree to these Terms of Use, do not access this website.

///

///

///



- 10 -

DEFENDANT AMERICAN PACIFIC MORTGAGE CORPORATION D/B/A PREFERRED RATE'S ANSWER
CASE NO.: 2:21-CV-00089-JAM-CKD

*Id.* The Privacy Policy states, in relevant part:

> Please read our Privacy Policy carefully before using this Site . . . If you do not agree with our policies and practices, please do not use this Site. By accessing or using this Site, you agree to this Privacy Policy.
>
> \* \* \* \*
>
> Information collected may be transmitted to our approved advertising and marketing partners, our affiliated companies, or certain other approved third parties interested in providing users with information or services that you may request or for other marketing and promotional purposes . . . .
>
> \* \* \* \*
>
> When you submit your information on one of our websites, you will be matched with one or more of the following partners listed below. When you submit your information with the Site, you explicitly authorize us to share your information with the partners listed below so that they may contact you via email, SMS, telephone, and/or direct mail. Specifically, you affirmatively consent, agree to, and authorize Hatemymortgagerate.com, and up to 5 third-party companies in the Hatemymortgagerate.com Network and third parties acting on their behalf, to contact you regarding mortgage or financing services via: 1) commercial email messages sent electronically to the email address provided; 2) marketing/telemarketing messages by telephone, including your wireless number if provided, using live operators, automated telephone dialing systems, pre-recorded messages, and text messages (SMS and MMS), even if your number is currently listed on any local, state, federal, or corporate Do Not Call registry.

*Id.* Below the Privacy Policy, American Pacific Mortgage is listed as one of the Hatemymortgagerate.com partners. *See id.*

In response to Plaintiff's request to be contacted about mortgage rates and refinancing, as well as his acceptance of the Terms of Condition and Privacy Policy, Lad Leads, LLC thereafter contacted Plaintiff on the phone number he provided on hatemymortgagerate.com. Upon information and belief, during the subsequent phone call between Plaintiff and Lad Leads, LLC, Plaintiff provided the 0754 Number and expressly requested and consented that Defendant contact him about mortgage rates and refinancing. Lad Leads, LLC then conveyed the 0754 Number, as well as Plaintiff's request, invitation, permission, agreement and consent to be called on the 0754 Number to Defendant.

///

///

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel/Waiver)

Defendant alleges that by his conduct, Plaintiff has waived any right to recover any relief under the Complaint, or any purported cause of action therein, and is estopped from asserting this action. Plaintiff visited hatemymortgagerate.com, provided his contact information, affirmed that he had read the website's Terms of Service, Privacy Policy, and other disclosures — which included Plaintiff's agreement to opt out of any class action lawsuit and consent to receive communications, including but not limited to marketing and telemarketing messages by telephone, including a wireless number, using live operators, automated telephone dialing systems, pre-recorded messages, and both SMS and MMS text messages — and requested that Lad Leads, LLC and its partners, including Defendant, contact him regarding mortgage rates and refinancing. *See* https://www.hatemymortgagerate.com/terms, last visited on March 9, 2021.

In response to Plaintiff's request to be contacted about mortgage rates and refinancing, as well as his acceptance of the Terms of Service and Privacy Policy, Lad Leads, LLC thereafter contacted Plaintiff on the phone number he provided on hatemymortgagerate.com. Upon information and belief, during the subsequent phone call between Plaintiff and Lad Leads, LLC, Plaintiff provided the 0754 Number and expressly requested and consented that Defendant contact him about mortgage rates and refinancing. Lad Leads, LLC then conveyed the 0754 Number, as well as Plaintiff's request, invitation, permission, agreement, and consent to be called on the 0754 Number to Defendant.

At all relevant times, Plaintiff was aware of his rights under the TCPA and Plaintiff waived his right to bring any action, including a class action, to recover damages. Further, at the time the text to the 0754 Number was sent, Defendant had no means to ascertain that Plaintiff would later claim that Defendant did not have his permission to contact him. Because Defendant relied on, to its detriment, Plaintiff's representations that he invited, permitted and consented to being contacted about mortgage rates and refinancing on the 0754 Number, Plaintiff is also estopped from arguing that Defendant violated the TCPA in doing so.

///

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

This lawsuit is barred, in whole or in part, by the doctrine of unclean hands. On information and belief, Plaintiff purposefully initiated contact and a contemplated transaction with hatemymortgagerate.com, Lad Leads, LLC and Defendant, intending that they call him so that he could manufacture a TCPA lawsuit.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Damages/Failure to Mitigate)**

Defendant alleges that Plaintiff has suffered no damages as a result of any alleged act or omission of Defendant, and even if Plaintiff has suffered damages or injuries, all or some portion of those damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate those damages or injuries, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

The Court lacks jurisdiction because Plaintiff has not suffered a concrete and particularized injury-in-fact connected to the conduct complained in the Complaint, and therefore has no Article III standing to sue. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).///

**SIXTH AFFIRMATIVE DEFENSE**

**(No Willful or Knowing Violations)**

Defendant acted in good faith to comply with the law, and in reliance on Plaintiff's representations, and has not willfully or knowingly violated any provision, subsection or regulation under the TCPA, and therefore cannot be liable for treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).**SEVENTH AFFIRMATIVE DEFENSE**

**(Limitation of Liability)**

Defendant's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating between the parties and/or third-parties.

///

///

**EIGHTH AFFIRMATIVE DEFENSE**

**(Arbitration Bars Suit)**

To the extent Plaintiff or any putative class members has agreed to arbitrate any or all of the purported claims asserted in the Complaint, their claims should be dismissed or stayed in favor of arbitration.

**NINTH AFFIRMATIVE DEFENSE**

**(Frivolous Lawsuit)**

Defendant alleges that to the extent this lawsuit is frivolous, unreasonable, and/or without foundation, Defendant is entitled to recover costs and attorneys' fees from Plaintiff, and hereby seeks that recovery.

**TENTH AFFIRMATIVE DEFENSE**

**(Acts or Omissions of Plaintiffs)**

Defendant alleges that the Complaint, and each purported cause of action therein, is barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff or any person on whose behalf relief is sought.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Claims Not Representative of Class)**

Defendant alleges that the claims of the named Plaintiff is not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Claims Not Typical of the Class)**

Defendant alleges that the claims and interests of Plaintiff, and Defendant's defense thereto, are not typical of the putative claims or related defenses of the putative class as a whole, and Plaintiff is not suitable class representatives.  Therefore, Plaintiff cannot satisfy the prerequisites for a class action set forth in Federal Rule of Civil Procedure 23.

///

///

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Common Questions of Law or Fact)

Defendant alleges that there are not questions of law or fact common to the putative class; rather, individualized questions of law and fact predominate over any semblance of common question. In addition, the proof particular to each putative class member's claims and the defenses thereto will vary widely. Therefore, Plaintiff cannot meet the prerequisites for a class action set forth in Federal Rule of Civil Procedure 23.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Class Action Not Practical)

Defendant alleges that this case is not properly maintained as a class action because the prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications or adjudications that, as a practical matter, would be dispositive of the interests of other members not parties to the action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Class Action Not Proper)

Defendant alleges that this action is not properly maintained as a class action because concentrating the litigation of the claims of the putative class, as to which individualized facts and proof will predominate, in one particular forum is not desirable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Class Not Manageable)

Defendant alleges that this case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Class Representative is Adverse to the Class)

Defendant alleges that the claims of the named Plaintiff are adverse to the interests and desires of the members of the putative class and therefore this action is not properly maintained as a class action.

///

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

Defendant alleges that statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to by wholly disproportioned to the office and obviously unreasonable." *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919). *See also Golan v. Veritas Entm't, LLC*, No. 14-69, 2017 U.S. Dist. LEXIS 144501, at *4-11 (E.D. Mo. Sep. 7, 2017), aff'd by 930 F. 3d 950, 962 (8th Cir. 2019) (reducing statutory damages to comport with due process). The alleged violation at issue—"placing" a call that may not even have been connected, received, or answered—causes *de minimis* or no actual harm. Imposition of a $500.00 per call penalty, or a discretionary $1,500 per call penalty, is so severe and oppressive as to by wholly disproportioned to the office and obviously unreasonable.

### **RESERVATION OF RIGHTS**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have any additional affirmative defenses. Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. Plaintiff takes nothing by way of the Complaint;
2. That judgment be entered in Defendant's favor and against Plaintiff;
3. That Defendant be awarded its costs of suit and attorneys' fees incurred herein; and
4. For such and other relief as the Court deems just and proper.

Dated: March 11, 2021                    MEDINA McKELVEY LLP

By: /s/Rabindra M. David
RABINDRA M. DAVID
Attorneys for Defendant
AMERICAN PACIFIC MORTGAGE
CORPORATION D/B/A PREFERRED RATE

